IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Nathaniel Gold, | ) | C/A No.: 5:13-2720-JMC-SVH |
|                 Plaintiff, | ) | |
| vs. | ) | |
| Cpt. Andrew Hayes, St. Matthews Police Dpt.; Ofc. Austin Arant, St. Matthews Police Dpt.; Ofc. Rosalyn W. Jones, St. Matthews Police; and Kenneth Hughes, | ) | REPORT AND RECOMMENDATION |
|                 Defendants. | ) | |

Plaintiff Nathaniel Gold, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges a violation of his constitutional rights by a private individual, Kenneth Hughes, and by employees of the St. Matthews Police Department. [Entry #1 at 2]. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process as to defendant Kenneth Hughes.[1]

---

[1] A separately docketed order directs service of Plaintiff's claims against the remaining defendants.

I.      Factual and Procedural Background

Plaintiff alleges a warrantless arrest on May 10, 2012, for two counts of assault and two counts of pointing and presenting a firearm. [Entry #1 at 3–4]. Plaintiff claims that defendants Austin Arant and Rosalyn W. Jones "typed up false incident reports" after Plaintiff's arrest and that defendant Andrew Hayes presented the false reports to a magistrate judge to secure warrants for the offenses. *Id.* at 3. Plaintiff alleges that defendant Hughes is a "known drug user and convict" coerced by the officers into providing false statements against Plaintiff. *Id.* Plaintiff alleges the state dismissed the four charges on May 7, 2013. *Id.* Plaintiff believes the defendants "made up these charges" to illegally search his home. *Id.* Plaintiff seeks monetary damages. *Id.* at 6.

II.     Discussion

A.      Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

2

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). While Plaintiff provides sufficient factual allegations of false arrest to withstand summary dismissal against defendants Hayes, Arant, and Jones, defendant Hughes is not a proper defendant under § 1983.

Plaintiff identifies defendant Hughes as a private citizen, coerced by officers "to write a statement stating that [Plaintiff] assaulted and pulled a gun on him and [to] take

3

pictures of healed sores on his hands stating that [Plaintiff] inflicted them." [Entry #1 at 4]. Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under § 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982); *see also Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961). As Plaintiff fails to demonstrate that defendant Hughes acted under color of state law, the complaint's allegations against him are subject to summary dismissal.

III.    Conclusion and Recommendation

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process as to defendant Kenneth Hughes.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

December 6, 2013                                  Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).