**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | | |
|---|---|---|
| Nathaniel Gold, | ) | |
| | ) | Civil Action No. 5:13-cv-02720-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Cpt. Andrew Hayes, St. Matthews | ) | **ORDER** |
| Police Dpt.; Ofc. Austin Arant, St. | ) | |
| Matthews Police Dpt.; Ofc. Rosalyn W. | ) | |
| Jones, St. Matthews Police | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court for review of the magistrate judge's Report and Recommendation (the "Report") (ECF No. 39), filed on July 29, 2014, recommending that this case be dismissed with prejudice for failure to prosecute.

Plaintiff brought this action seeking relief pursuant to 42 U.S.C. § 1983. The Report sets forth in detail the relevant facts and legal standards on this matter which the court incorporates herein without a recitation.

The magistrate judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. "The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination." *Wallace v. Hous. Auth.*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citing *Matthews v. Weber*, 423 U.S. 261, 271 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Plaintiff was advised of his right to file objections to the Report. (*See* ECF No. 39 at 3.) However, Plaintiff did not file any objections to the Report.

In the absence of objections to the magistrate judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the district court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

Therefore, after a thorough and careful review of the Report and the record in this case, the court finds that the Report provides an accurate summary of the facts, law, and the record in the instant case. The court **ACCEPTS** the Report and Recommendation (ECF No. 39) and incorporates it herein by reference. For the reasons articulated by the magistrate judge, it is therefore **ORDERED** that this case is **DISMISSED** with prejudice for failure to prosecute.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

August 18, 2014
Columbia, South Carolina